UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Juan C. Villar

    v.                                    Civil No. 13-cv-009-JD

City of Aventura et al.[1]


## REPORT AND RECOMMENDATION

Before the court is Juan C. Villar's amended complaint
(doc. no. 4) alleging that defendants violated his civil rights
and his rights under Florida law.  Because Villar is proceeding
in forma pauperis, the matter is before the court for
preliminary review.  See 28 U.S.C. § 1915(e)(2); LR
4.3(d)(1)(B).


## Background

Villar alleges that on September 21, 2009, while he was
sitting at a bus stop in Aventura, Florida, he was assaulted by
two members of the Aventura Police Department ("APD").  Villar
states, after the assault, the officers fabricated a felony
assault charge against him, arrested him, and caused him to be

---

[1]Villar names the following defendants in his amended
complaint (doc. no. 4): the City of Aventura, Florida; and
Aventura Police Department Officers Thomas Mundy, Juan Gonzalez,
and Karyn Brinson, who are sued in their individual and official
capacities.

prosecuted on the false charge.  Villar states that he filed an

internal affairs complaint concerning the incident with the APD.

Villar alleges that the APD officer investigating his complaint

determined that his complaint was unfounded, and also fabricated

evidence against him, resulting in a charge on a second felony

assault.  Villar states that on January 5, 2011, he was

acquitted of both offenses after a jury trial.

### Discussion

In general, venue is appropriate in the federal district

court located in the particular district "in which any defendant

resides, if all defendants are residents of the State in which

the district is located" or "in which a substantial part of the

events or omissions giving rise to the claim occurred."  28

U.S.C. § 1391(b)(1) and (2).  Pursuant to 28 U.S.C. § 1406(a),

"[t]he district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or

if it be in the interest of justice, transfer such case to any

district or division in which it could have been brought."

Here, Villar asserts claims based entirely upon events

which occurred in Aventura, Florida, against the City of

Aventura, and three residents of Florida who work in Aventura.

The only connection this case has with this district is that, at

present, Villar resides in New Hampshire.  Accordingly, the

court finds that the Southern District of Florida is the court

with appropriate venue.  Further, nothing in the record suggests

that the interests of justice would not be served by the

transfer of this matter to the Southern District of Florida.


### Conclusion

For these reasons, this case should be transferred to the

United States District Court for the Southern District of

Florida.  If this report and recommendation is approved, the

district judge should direct the clerk's office to transfer this

case to that court, and close the case in this court.

Any objections to this report and recommendation must be

filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

                                        _____

                                        Landya McCafferty
                                        United States Magistrate Judge

June 10, 2013

cc:  Juan C. Villar, pro se

LBM:jba

4